UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JERRY FRANKS,**

      **Plaintiff,**

                            **Case No. 2:21-cv-5804**
    **v.**                            **Judge Edmund A. Sargus, Jr.**
                                      **Magistrate Judge Elizabeth P. Deavers**

**CHAIRPERSON AND MEMBERS
OF THE OHIO ADULT PAROLE
AUTHORITY,** *et al.*,

      **Defendants.**

## REPORT AND RECOMMENDATION AND ORDER

Plaintiff, Jerry Franks, an inmate at the Pickaway Correctional Institution ("PCI") (ECF No. 1) who is proceeding without counsel, brings this civil rights action under 42 U.S.C. § 1983. (*Id*).  For the reasons that follow, it is **RECOMMENDED** that the Court **GRANT** the Defendants' Motion to Dismiss.  Further, it is **RECOMMENDED** that all other pending motions, with the exception of Defendants' Motion to Strike the Supplemental Complaint (ECF No. 48) be **DENIED AS MOOT**.  Defendants' Motion to Strike the Supplemental Complaint (ECF No. 48) is **GRANTED.**

## I.      BACKGROUND

Plaintiff filed this action on September 1, 2021, asserting claims under 42 U.S.C. § 1983 against "Chairperson & Members of the Ohio Adult Parole Authority," Stacy Blankenburg, Supervisor & Officials of the Ohio Bureau of Sentence Computation and Annette Chambers Smith, Director of the Ohio Department of Rehabilitation and Correction.  Plaintiff's Complaint alleges the following.  Plaintiff was convicted on July 12, 1997, of aggravated murder with firearm specifications and was sentenced to "an aggregate and indefinite sentence of 33-years to

life." (Complaint, ECF No. 1 at ⁋ 10.)  Following an appeal and remand, he was resentenced on January 29, 1999, to an "aggregate sentence of 23-years to life making [him] eligible for parole in … 2019." (*Id.* at ⁋ 12.)  In 2018, Plaintiff "noticed" that Defendants had miscalculated the Sentencing Entry and his parole eligibility, increasing the date by five years to 2024. (*Id.* at ⁋ 13.)  Upon this discovery, he "submitted written correspondence" to BOSC requesting that this miscalculation be corrected. (*Id.* at ⁋ 14.)  The BOSC refused to correct the error. (*Id.*)  After he exhausted his state remedies, he filed a second habeas petition under 28 U.S.C. § 2254 on May 4, 2020, in the Northern District of Ohio "seeking an order directing the State to provide him with a parole hearing in accordance with his minimum sentence." (*Id.* at ⁋ 15.)  That court determined that the petition was "second or successive" and required authorization from the Court of Appeals for the Sixth Circuit. (*Id.*)  On April 15, 2021, the Sixth Circuit vacated the transfer and remanded with instructions to dismiss the petition without prejudice to filing a § 1983 claim. (*Id.* at ⁋ 16.)  Plaintiff's co-defendant, who had received the same 23-year sentence, was provided a parole hearing in 2019. (*Id.* at ⁋⁋ 17-18.)  Plaintiff characterizes his claims as arising under the Due Process and Equal Protection Clauses of the Fourteenth Amendment.  He seeks declaratory relief, injunctive relief, and compensatory and punitive damages.

On May 13, 2022, Defendants filed an Answer setting forth various affirmative defenses including a statute of limitations defense. (ECF No. 12.)  Defendants' counsel specifically noted that they were "unable to respond on behalf of Plaintiff's named defendants 'Members of the Ohio Parole Authority' and 'Officials of the Ohio Bureau of Sentence Computation' as these descriptions are too vague to identify any specific individuals'" but that, to the extent any response is deemed necessary, "any allegations against the unidentified individuals are DENIED." (*Id.* at n.1.)

Following these pleadings, several other filings have been made, including Defendants'
Motion to Dismiss filed on September 2, 2022, asserting that Plaintiff's claims are barred by the
statute of limitations and, as to Defendant Chambers-Smith, for failure to state a claim and
pursuant to the doctrine of *respondeat superior*.  (ECF No. 26.)  For his part, Plaintiff has made
numerous filings, including a "Motion for Stipulation, Joinder and Consolidation of Defendants
being Sued in their Official Capacities" (ECF No. 18); a letter dated June 29, 2022, alleging the
"confiscation of original court documents" (ECF No. 19)[1]; a Motion for Leave to Supplement the
Complaint (ECF No. 36); a Motion to Strike Insufficient Affirmative Defense of Statute of
Limitations (ECF No. 38); a Motion for Leave, or as a Matter of Course, for an extension of time
to File Reply to Defendants' Opposition Plaintiff's Motion for Leave to Supplement
Complaint/Pleadings (ECF No. 39); a Motion Requesting Judicial Notice of Adjudicative Facts
(ECF No. 40); a Motion for Leave, as a Matter of Course, for an Extension of Time to Extend
Discovery Deadline (ECF No. 41); a Motion Requesting Leave to Proceed *in Forma Pauperis*
for Service of Process of Supplemental Complaint Upon Counsel for Defendants (ECF No. 45);
a Supplemental Complaint (ECF No. 46); and a Motion for Sanctions (ECF No. 47).

Most recently, on February 2, 2023, Defendants filed a Motion to Strike the
Supplemental Complaint, (ECF No.48), citing Plaintiff's failure to comply with Federal Rule of
Civil Procedure 15.  The Court agrees that Plaintiff has failed to comply with Rule 15 and,
therefore, this Motion (ECF No. 48) is **GRANTED.**

---

[1] This letter raises issues unrelated to the claims asserted in Plaintiff's Complaint and, therefore,
the Court will not construe it as a motion or otherwise consider it.

## II.     STANDARD OF REVIEW

At the outset, the Court must address the circumstance of Defendants' having filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) after having filed an Answer. Pursuant to Rule 12(b)(6), a defendant may move for dismissal of a complaint for failure to state a claim upon which relief may be granted.  Further, "'[w]hen the allegations show that relief is barred by the applicable statute of limitations, dismissal is proper under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.'"  *Father Flanagan's Boys Home v. Donlon*, 449 F. Supp. 3d 739, 743 (S.D. Ohio 2020) (quoting *G.G. Marck & Assocs. v. Peng*, 762 F. App'x 303, 307 (6th Cir. 2019)).  However, Rule 12(b) further provides that such a motion "must be made ***before*** pleading if a responsive pleading is allowed."  Fed. R. Civ. P. 12(b) (emphasis added).  The Sixth Circuit has determined, however, that, "'as a matter of motions practice, such a motion may be properly considered as one for judgment on the pleadings under Fed. R. Civ. P. 12(c), and evaluated, nonetheless, under the standards for dismissal under Rule 12(b)(6).'"  *Braun v. Ultimate Jetcharters, Inc.,* 2013 WL 623495, *2 (N.D. Ohio, Feb. 19, 2013) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.* 859 F.2d 434, n.1 (6th Cir.1988)); *see also* 5C Wright & Miller, Federal Practice And Procedure § 1368 (2016) ("Because of the similarity between the Rule 12(c) and Rule 12(b) standards, courts typically will construe. . . a late Rule 12(b) motion. . . as if it were brought under Rule 12(c).").  Accordingly, the Court will construe Defendants' Motion as one for judgment on the pleadings under Fed. R. Civ. P. 12(c) and evaluate it under the standards for dismissal under Rule 12(b)(6) as set forth below.

Rule 12(c) of the Federal Rules of Civil Procedure allows a party to "move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  A motion for judgment on the pleadings is reviewed

under the same standard as a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  *Jackson v. Prof'l Radiology, Inc.*, 864 F.3d 463, 465–66 (6th Cir. 2017).

To survive a motion for judgment on the pleadings, Plaintiff's "factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible." *Fritz v. Charter Twp. Of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).  To show grounds for relief, Rule 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The Rule "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pleadings offering mere "labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'"  *Id.*  In fact, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In deciding a Rule 12(c) motion, the Court "must take all the 'well-pleaded material allegations of the pleadings of the opposing party' as true."*Cincinnati Ins. Co. v. Beazer Homes Invs., LLC*, 594 F.3d 441, 445 (6th Cir. 2010) (quoting *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir. 2006)).  But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Jackson*, 864 F.3d at 466 (quoting *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)).

Accordingly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678.  A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."

*Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n] – 'that the pleader is entitled to relief,'" judgment on the pleadings shall be granted. *Id.*

Finally, "[p]ro se complaints are held to less stringent standards than formal pleadings drafted by lawyers and therefore are liberally construed." *Olivares v. Michigan Worker's Comp. Agency*, No. 18-2369, 2019 WL 2299250, at *2 (6th Cir. Apr. 16, 2019) (citing *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (vacating dismissal of civil rights complaint and remanding for further proceedings)); *see also Walker v. Miller*, No. 18-3209, 2018 WL 7575709, at *1 (6th Cir. Oct. 17, 2018) ("But we hold pleadings filed by a pro se litigant 'to less stringent standards than formal pleadings drafted by lawyers,' and [we] may not uphold the dismissal of' a pleading by a pro se litigant simply because we think the allegations unlikely.") (quoting *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007)). However, "'pro se plaintiffs are not automatically entitled to take every case to trial.'" *Robinson v. Killips*, No. 18-1485, 2019 WL 1931873, at *1 (6th Cir. Feb. 22, 2019) (quoting *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)) (affirming in part and reversing in part dismissal of *pro se* complaint).

### III. ANALYSIS

Defendants' primary contention at this pleadings stage is whether Plaintiff's claims are facially time-barred.[2] A statute of limitations is an affirmative defense under Federal Rule of Civil Procedure 8(c). Thus, it is generally inappropriate to dismiss a claim as untimely on a Rule

---

[2] The Court notes that, in asserting a statute of limitations defense, Defendants accept Plaintiff's representation that he discovered the alleged miscalculation in 2018. As a result, what Plaintiff knew, or perhaps should have known, over the course of the approximately 20 years between his sentencing and his alleged discovery of the miscalculation error is not at issue here.

12 motion. *Adams v. Obion Cnty., Tennessee,* No. 1:19-CV-1121-STA-DKV, 2020 WL 3036883, at *4 (W.D. Tenn. June 5, 2020) (citing *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012)). But when the allegations on the face of the complaint show that the claim is time barred, judgment as a matter of law under Rule 12 is proper. *Id.* (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

"[W]hen reviewing a 12(b)(6) motion, a district court 'may consider'—without converting the motion to a Rule 56 motion—'the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case[,] and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein.'" *Courser v. Michigan House of Representatives*, 831 F. App'x 161, 169 (6th Cir. 2020) (quoting *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)). Further, "courts 'may . . . take judicial notice of other court proceedings.'" *Armatas v. Haws*, No. 5:19-CV-02667, 2021 WL 414403, at *6 (N.D. Ohio Jan. 4, 2021), *report and recommendation adopted*, No. 5:19CV2667, 2021 WL 288170 (N.D. Ohio Jan. 27, 2021), *aff'd*, No. 21-3190, 2021 WL 5356028 (6th Cir. Nov. 17, 2021) (quoting *Mango v. City of Columbus*, 2020 WL 5247939, *6 (S.D. Ohio Sept. 3, 2020) (considering motions to dismiss and motions for judgment on the pleadings); *see also Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010) ("[W]hen faced with a motion under Rule 12(b)(6), a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment.")). The same is true for purposes of a Rule 12(c) motion. *Id.* (citing *Filer v. Polston*, 886 F. Supp. 2d 790, 794 (S.D. Ohio 2012), *aff'd*, 12-3899 (6th Cir. Apr. 24, 2013) (motions for judgment on the pleadings are considered under the same standard for reviewing Rule 12(b)(6) motions and "a court may consider public records,

matters of which a court may take judicial notice, and letter decisions of governmental agencies[ ]").

Here, Plaintiff avers in his verified Complaint that in 2018 he noticed the alleged miscalculation of his parole eligibility. (Complaint, ECF No. 1 at ¶ 13.) He further asserts that, upon discovering this error, he "submitted written correspondence to BOSC requesting such error in the calculation of his minimum sentence be corrected." (*Id.* at ¶ 14.) He states that he believes it was Defendant Blankenburg who responded to his correspondence by refusing to correct the error. (*Id.*)

In connection with this Motion for Leave to Supplement (ECF No. 36), Plaintiff has submitted copies of two pieces of correspondence he submitted to the BOSC in 2018. The first communication is dated January 1, 2018, and inquires about whether the "five (5) years he received for burglary … has been ran concurrently with the twenty (20) years to Life sentencing." (*Id.* at 10.) This communication indicates that it was received by BOSC on January 9, 2018. (*Id.*) The hand-written and initialed response states, "It specifically states in the entry you provided the sentence is to be ran <u>consecutively</u> <u>NOT</u> concurrently. It is in the 2nd to the last paragraph on the page." The Plaintiff's second communication is dated February 5, 2018, and provides, in relevant part:

> My sentence has been improperly calculated by this department, *i.e.*, the Ohio Department of Rehabilitation & Correction ("ODR&C"), to which your office is a branch of. The Journal Sentencing Entry in the above entitled case shows that on February 3, 1999, I was resentenced following remand by the Ohio Court of Appeals to an aggregate sentence of 23 years to life (being 20-life for aggravated murder consecutive with the 3-year gun specification served first). All other sentences were ordered to be served concurrently. Thus, beginning in 1996 when I was first sentenced (being jail/prison time credit before the remand for resentencing), places my statutory parole eligibility date at 23 years = the year 2019. Your records have my parole eligibility date in the year 2024, 5-years beyond my statutory minimum sentence and parole eligibility. Thus, I am requesting the error

8

be corrected and my correct statutorily based parole eligibility date reflects 2019 to correspond with my sentence.

(ECF No. 36 at 11.) This second communication indicates that it was received by BOSC on February 9, 2018. (*Id*.) The hand-written and initialed response states: Your agg murder count is consecutive to the agg burglary count, thus the five year difference. I have already explained this once." (*Id*.)

Because these communications are referred to in Plaintiff's Complaint and address matters central to his claim, and he affirmatively has placed them into the record of this case seeking to rely on them in support of a motion, the Court will consider them without converting Defendants' motion into one for summary judgment. The Court will now turn to the issue at hand, whether Plaintiff's § 1983 claim is barred by the statute of limitations.

A § 1983 claim is governed by Ohio's two-year statute of limitations found in Ohio Rev. Code § 2305.10. *See Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989). However, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Generally, the statute of limitations for filing an action alleging a constitutional violation begins to run "when the Plaintiff knows or has reason to know of the injury which is the basis of his action." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007). "[I]n determining when the cause of action accrues in section 1983 actions, we have looked to what event should have alerted the typical lay person to protect his or her rights." *Id.* (quoting *Kuhnle Bros., Inc. v. Cty. of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997)). "'Where a particular claim is barred by the applicable statute of limitations, it does not present an arguable or rational basis in law or fact and therefore may be dismissed as frivolous under § 1915(e)(2).'" *Palma-Barillas v. Cnty. Jail Med. Staff*, No. 2:22-CV-2798, 2022 WL

9

3908884, at *2–3 (S.D. Ohio Aug. 31, 2022) (quoting *Fraley v. Ohio Gallia Cty.*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir. Oct. 30, 1998)).

Here, the date of accrual of Plaintiff's claims arising from the alleged miscalculation does not require much discussion. Plaintiff alleges in his Complaint that he became aware of the alleged miscalculation, *i.e.,* the injury which is the basis of this action, in 2018. Moreover, the written correspondence he both refers to in his Complaint and affirmatively has placed in the record of this case demonstrates that Plaintiff was aware of the alleged miscalculation and raised it with the BOSC no later than February 5, 2018. (ECF No. 36 at 11.)[3] Therefore, in order to be considered timely, Plaintiff would have been required to file a Complaint no later than February 5, 2020. Without question, he did not. Significantly, Plaintiff does not seriously argue that his claim was filed within the applicable statute of limitations. Instead, Plaintiff contends that he is entitled to equitable tolling given the consistent and extraordinary diligence with which he has pursued his claim in the intervening years. Thus, the Court must consider whether there is any basis to toll the statute of limitations that otherwise operates to bar Plaintiff's claims here.

The Sixth Circuit has held that where a state's statute of limitations is borrowed for § 1983 claims, the state's tolling rules are also applied unless they are inconsistent with federal law or policy. *Roberson v. Macnicol*, 698 F. App'x 248, 250 (6th Cir. 2017) (citing *Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 842 (6th Cir. 2015)).[4] Ohio courts, however,

---

[3]Also, as Defendants note in their Motion to Dismiss, Plaintiff's verified Petition for a Writ of Mandamus filed in the Tenth District Court of Appeals specifically stated that Plaintiff "contacted BOSC via written correspondence at P.O. Box 2650, Columbus, Ohio 43216 on January 1, 2018, requesting respondents correct his parole eligibility date. Respondents refused." *State ex rel. Franks v. Ohio Adult Parole Authority*, Case No. 18-AP-390 (10th Dist.).

[4] Because he relies on equitable tolling principles, Plaintiff does not contend that he has pleaded any facts in his Complaint that would give rise to tolling under Ohio statutory law. *See* Ohio

have rarely invoked the doctrine of equitable tolling. *Ashdown v. Buchanan*, No. 2:17-CV-495, 2021 WL 2643111, at *4 (S.D. Ohio June 28, 2021) (citing *Weikle v. Skorepa*, 69 F. App'x 684, 687 (6th Cir. 2003)). "A litigant seeking equitable tolling must show that he has diligently pursued his rights, but some extraordinary circumstance stood in his way and prevented timely action." *Id.* (quotations omitted). In short, "equitable tolling under Ohio law is to be applied sparingly and only in exceptional circumstances." *Id.* (citing *G.G. Marck and Associates, Inc. v. Peng*, 762 F. App'x 303, 312 (6th Cir. 2019)).

Plaintiff frames his equitable tolling argument, however, in terms of federal law. Nevertheless, "[f]ederal courts also apply equitable tolling "sparingly.'" *Ashdown*, 2021 WL 2643111 at *4 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc*., 209 F.3d 552, 560 (6th Cir. 2000)). A plaintiff who fails to pursue his rights diligently is not eligible for tolling. *Id.* Under *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988), factors to consider include a plaintiff's lack of actual notice or constructive knowledge of the filing requirement, plaintiff's diligence in pursuing his rights, and absence of prejudice to the defendant. *Id.* However, the absence of prejudice is not an independent basis for invoking the doctrine of equitable tolling. Id. (citing *3799 Mill Run Partners, LLC v. City of Hilliard, Ohio*, 839 F. App'x 948, 951 (6th Cir. 2020)). The party seeking equitable tolling bears the burden of proving he is entitled to it. *Zappone v. United States*, 870 F.3d 551, 556 (6th Cir. 2017).

Consistent with the above, under either state or federal law, diligence is the key factor. In Plaintiff's view, in light of the relevant controlling authority in 2018 and his understanding of his

---

Rev. Code § 2305.16 (setting forth two disabilities—being within the age of minority and being of unsound mind—that toll the statute of limitations for actions, such as this one, that are governed by Ohio Rev. Code § 2305.10).

avenues of recourse, he has diligently pursued his claims since the discovery of his injury.
Between the allegations of his Complaint and his Response to Defendants' dispositive motion,
Plaintiff explains his efforts at diligence in some detail.

According to Plaintiff, in 2018, when he discovered the alleged miscalculation of his
parole eligibility date, he understood his only recourse was to pursue a writ of mandamus under
Ohio law in accordance with *State ex rel. Keith v. Ohio Adult Parole Auth.,* 141 Ohio St. 3d 375
(2014).[5] Relying on *Keith* and for purposes of exhausting his state remedies, he filed a state
mandamus action on May 31, 2018. Following dismissal of that action for what he describes as
a "procedural technicality," Plaintiff pursued his appeal to the Ohio Supreme Court. After the
Ohio Supreme Court affirmed the dismissal, Plaintiff filed a second federal habeas petition on
May 4, 2020, in the Northern District of Ohio. On October 5, 2020, the district court transferred
the petition to the Sixth Circuit Court of Appeals for § 2244(b) authorization. On April 15, 2021,
the Sixth Circuit vacated the district court's transfer order and remanded the case to the district
court with instructions to dismiss the petition without prejudice to filing a § 1983 claim. The
Sixth Circuit stated:

> Franks claims that the Ohio parole authorities have miscalculated his eligibility date
> and failed to provide him a parole hearing. His proposed petition does not seek
> "his immediate or speedier release into the community." *Wilkinson v. Dotson*, 544
> U.S. 74, 82 (2005). "That kind of claim falls outside 2254(a)'s domain." *Bailey
> v. Wainwright*, 951 F.3d 343, 346 (6th Cir. 2020), *cert. denied*, 141 S.Ct. 316
> (2020)]. Therefore, the district court erred in transferring Franks's petition to this
> court as a second or successive § 2254 petition.

---

[5] Although Plaintiff does not set forth an extensive discussion of *Keith*, in that case, the Ohio
Supreme Court granted the petitioner a writ of mandamus, holding that "where a credible
allegation of substantive inaccuracies in a prisoner's record is made, the OAPA is obligated to
correct those errors before considering the inmate for parole." *Id.* 141 Ohio St. 3d at 381.

Accordingly, we **VACATE** the district court's transfer order and **REMAND** the case to the district court with instructions to dismiss the petition without prejudice to refiling a § 1983 claim.

*In re: Jerry Franks*, No. 20-4056, at 4 (6th Cir. April 15, 2021).

As discussed, Plaintiff was aware of the alleged miscalculation no later than February 5, 2018. Therefore, accepting Plaintiff's claims of diligence based on his then understanding that his recourse was defined by *Keith, supra*, the Court's focus is on Plaintiff's diligence between February 5, 2018 and February 5, 2020. There is no question that, during this period, Plaintiff filed his mandamus petition on May 31, 2018, seeking an order directing various Ohio authorities to correct his parole eligibility date and proceeded through an appeal to the Ohio Supreme Court. This does not demonstrate the diligence Plaintiff contends, however, for two reasons. First, there is no need to exhaust state court remedies before filing a §1983 action in federal court. Further, Plaintiff did not pursue his mandamus action with diligence.

The Ohio Supreme Court described Plaintiff's pursuit of his mandamus action as follows:

{¶ 2} On May 31, 2018, Franks, an inmate at the Pickaway Correctional Institution, filed a complaint for a writ of mandamus against [the Ohio Adult Parole Authority and the Bureau of Sentence Computation, collectively, "the APA"] in the Tenth District Court of Appeals. Franks alleged that he had been convicted of aggravated murder with a firearm specification and had been sentenced in 1999 to an aggregate prison sentence of 23 years to life. According to Franks, he should have been eligible for parole in 2019, but the APA has his first hearing scheduled for 2024. The merits of Franks's mandamus case are not before this court.

{¶ 3} Franks did not pay the filing fee when he filed his complaint, and he did not seek a waiver of that fee. *See* R.C. 2969.25(C) (an inmate seeking to waive the filing fee for a civil action must file an affidavit of waiver, an affidavit of indigency, a statement of the balance in his inmate account for the preceding six months, and a statement that sets forth other assets of value). Based on this deficiency, on June 19, 2018, the magistrate for the court of appeals sua sponte recommended that Franks's complaint be dismissed.

{¶ 4} Five days before the magistrate's recommendation, on June 14, 2018, Franks executed an affidavit attesting that he was "void of assets and funds" and that "as a result, [he] c[ould] not give security for the filing fee[ ] nor costs * * * by such prepayment or otherwise." Franks failed to attach a statement setting forth the balance of his inmate account from the previous six months. While Franks claims to have submitted the affidavit in response to the magistrate's recommendation, the affidavit actually predates the recommendation.

{¶ 5} On September 20, 2018, the Tenth District Court of Appeals adopted the recommendation of the magistrate and dismissed the complaint. The court of appeals specifically noted that no party had filed objections to the magistrate's decision.

{¶ 6} Four months later, on January 23, 2019, Franks filed a motion for relief from judgment, pursuant to Civ.R. 60(B)(1) and (5). Franks argued that he had never claimed to be indigent and that the court of appeals erred when it adopted the magistrate's recommendation to dismiss his complaint based on his failure to file any indigency documentation. According to Franks, rather than assuming that he wished to claim indigent status, the magistrate should have given him an opportunity to pay the filing fee before recommending that his complaint be dismissed.

{¶ 7} The court of appeals denied Franks's motion for relief from judgment on March 26, 2019. The court held that Franks's failure to file objections to the magistrate's decision barred him from asserting that the court of appeals committed any error when it adopted the magistrate's recommendation. Franks timely appealed.

{¶ 8} The issue in this appeal is *not* whether Franks is entitled to a writ of mandamus. Nor is the issue whether the court of appeals properly dismissed Franks's complaint in the first instance. Rather, the only issue in this case is whether the court of appeals properly denied Franks's motion for relief from judgment.

{¶ 9} Civ.R. 53 authorizes courts of record to appoint magistrates to assist them. *See* Civ.R. 53(A) and (C)(1). When a matter is referred to a magistrate for decision, the magistrate is required to prepare a written decision. Civ.R. 53(D)(3)(a)(i) and (iii). A party who disagrees with the magistrate's decision has 14 days to file objections. Civ.R. 53(D)(3)(b)(i). A party's failure to file objections to a magistrate's decision has consequences:

> Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of

14

fact or conclusion of law * * *, unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

Civ.R. 53(D)(3)(b)(iv). Thus, in a civil case before a trial court, when a party fails to file objections to a magistrate's decision, that party waives the right to later assign as error on appeal the court's adoption of any of the magistrate's findings and conclusions. *See, e.g., J.S. v. T.S.*, 5th Dist. Knox No. 16CA18, 2017-Ohio-1042, 2017 WL 1091590, ¶ 21; **609 *Settlers Walk Home Owners Assn. v. Phoenix Settlers Walk, Inc.*, 12th Dist. Warren Nos. CA2014-09-116, CA2014-09-117, and CA2014-09-118, 2015-Ohio-4821, 2015 WL 7430296, ¶ 30.

{¶ 10} This rule also applies in cases that commence as original actions in the courts of appeals and proceed to this court as appeals of right. *State ex rel. Sautter v. Grey*, 117 Ohio St.3d 465, 2008-Ohio-1444, 884 N.E.2d 1062, ¶ 11 ("The Rules of Civil Procedure are generally applicable in original actions for extraordinary writs"). The Tenth District Court of Appeals, for example, has expressly incorporated the terms of Civ.R. 53 into its local rules. *See* Loc.R. 13(M)(1) of the Tenth District Court of Appeals. And when a party to an original action in the Tenth District fails to object to a magistrate's recommendation and the court of appeals adopts it, that party waives his right to raise an argument pertaining to that recommendation on appeal to this court. *See, e.g., State ex rel. Muhammad v. State*, 133 Ohio St.3d 508, 2012-Ohio-4767, 979 N.E.2d 296, ¶ 3.

{¶ 11} As Franks correctly notes in his first proposition of law, the application of Civ.R. 53 to his case prohibits him from raising *on appeal* any arguments he failed to preserve by filing objections to the magistrate's decision; it does not expressly bar him from making those arguments in a motion seeking relief from judgment under Civ.R. 60(B). However, Franks's argument, if accepted, would undermine Civ.R. 53(D)(3)(b)(i), which requires objections to a magistrate's decision to be filed within 14 days of the filing of the decision. Franks's theory would eliminate that time requirement by permitting a party to file objections to a magistrate's decision at any time, simply by captioning the pleading as a "motion for relief frojudgment." We avoid interpretations that would cause one provision of the Rules of Civil Procedure to conflict with another. *See State ex rel. Natl. Emp. Benefit Servs. v. Cuyahoga Cty. Court of Common Pleas*, 49 Ohio St.3d 49, 50, 550 N.E.2d 941 (1990).

{¶ 12} We therefore reject Franks's suggestion, in his first proposition of law, that he may use Civ.R. 60(B) to resurrect an argument that he failed to make within the time frame permitted by rule.

{¶ 13} Franks's second proposition of law raises his argument on the merits, namely that the court of appeals erred when it dismissed his complaint because he was not seeking to waive the filing fees, and therefore the court of appeals should have given him an opportunity to pay the fees before dismissing his complaint for a writ

of mandamus. As noted, Franks has waived this argument, and we reject his second proposition of law on that basis.

{¶ 14} In his third proposition of law, Franks asserts that R.C. 2969.25(C) violates his constitutional right to due process. Franks waived this argument by failing to raise it in the court of appeals. *See State ex rel. Chagrin Falls v. Geauga Cty. Bd. of Commrs.*, 96 Ohio St.3d 400, 2002-Ohio-4906, 775 N.E.2d 512, ¶ 15 (in mandamus action, failure to raise constitutional claims in the court of appeals constitutes a waiver). We therefore reject Franks's third proposition of law.

Judgment affirmed.

*State ex rel. Franks v. Ohio Adult Parole Auth.*,159 Ohio St. 3d 435, 435–38 (2020).

Critically, Plaintiff failed to properly initiate his mandamus action by paying the filing fee or seeking a waiver as Ohio law requires.  His failure to comply with R.C. 2969.25(C) required dismissal of his complaint.  *State ex rel. Roden v. Ohio Dept. of Rehab. & Corr.*, 159 Ohio St.3d 314, 316 (2020).  Plaintiff attempts to minimize the significance of this dismissal by characterizing it as a "procedural technicality."  (ECF No. 34 at 2.)   However, as the Ohio Supreme Court confirmed, Plaintiff's procedural deficiencies prevented consideration of the merits of his mandamus action.  Thus, contrary to Plaintiff's portrayal, throughout 2018 and 2019, Plaintiff was not actively pursuing the merits of any claim relating to the alleged miscalculation of his parole eligibility date.  In short, Plaintiff's own conduct prevents any finding of diligence for purposes of equitable tolling.

Beyond this, Plaintiff relies heavily on the filing of his second habeas petition in the Northern District of Ohio, on May 4, 2020, asserting, as he does here, that his constitutional rights were violated by the State's incorrect calculation of his parole eligibility date.  This filing, however, was made well after the two-year statute of limitations expired on February 5, 2020.  Accordingly, it does nothing to boost Plaintiff's claim of diligence.

Plaintiff also offers a related but alternative argument in support of his position that he is entitled to equitable tolling under the circumstances of this case.  Specifically, Plaintiff claims that the date of the decision in *Bailey v Wainwright,* 951 F.3d 343 (6th Cir. 2020), *cert. denied*, 141 S.Ct. 316 (2020),[6] cited by the Sixth Circuit in its Order vacating the transfer of his second habeas petition, should stand as the date that he "received notice of a § 1983 filing deadline." (ECF No. 34 at 7.)   In that case, Bailey had filed a petition for a writ of habeas corpus because he believed the Ohio Parole Board had violated his right to due process by relying on inaccurate records about the nature of his underlying murder conviction.  *Id.* at 345.  The Sixth Circuit reiterated that Ohio does not give inmates a right to parole because the Board has authority to grant or deny a candidate's application at its discretion. *Id*. (citing *Keith*, 24 N.E.3d at 1135–36). Thus, the Sixth Circuit concluded, Bailey could not argue that, but for the allegedly inaccurate description, the Board would grant him parole.  As the Sixth Circuit explained, while this conclusion prevented Bailey from obtaining habeas relief, it did not prevent Bailey from using § 1983 to pursue his claims. *Id.* (citing *Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272, 118 S.Ct. 1244, 140 L.Ed.2d 387 (1998); *Nettles v. Grounds*, 830 F.3d 922, 935–36 (9th Cir. 2016) (en banc)).  Accordingly, the Sixth Circuit affirmed the dismissal but without prejudice to Bailey's ability to file a new claim under § 1983.  *Id.*

According to Plaintiff, *Bailey* alerted him for the first time to avenues of recourse beyond those that he understood to be available under *Keith* and, as a matter of equity, the date of the

---

[6] Notably, Plaintiff does make the argument made by Bailey in his subsequent § 1983 case, *Bailey v. Houk*, 2022 WL 1597134, at *2 (S.D. Ohio May 20, 2022) (Graham, J.), that the "'Sixth Circuit already resolved the statute of limitations issue and allowed plaintiff to file this 1983 action….'"  Nor, for the reasons cited by Judge Graham in that case, would such an argument have been successful.

*Bailey* decision should inure to his benefit for statute of limitation purposes.  Stated slightly differently, Plaintiff seems to assert that there was a change in the law as of February 2020 that established (or, perhaps more precisely, allowed him to understand) that any claim arising from the alleged miscalculation of his parole eligibility date properly was brought under § 1983.  This argument is not well-taken as it wholly ignores *Wilkinson v. Dotson,* 544 U.S. 74 (2005), the other case cited by the Sixth Circuit in its Order vacating and remanding.

"In *Dotson,* the Court concluded that the plaintiffs' challenges to parole procedures could proceed under § 1983 because they did not automatically imply shorter sentences." *Thomas v. Eby*, 481 F.3d 434, 438–39 (6th Cir. 2007).  That is, "*Dotson* established that when the relief sought in a § 1983 claim has only a *potential* effect on the amount of time a prisoner serves, the habeas bar does not apply." *Id.* (emphasis in original).  The reasoning of *Dotson* has been cited and reconfirmed many times over the years prior to *Bailey*.  By way of brief example, in *Skinner v. Switzer*, 562 U.S. 521, 525 (2011), the United States Supreme Court noted that *Dotson* comprehensively surveyed its decisions on the "respective provinces of § 1983 civil rights actions and § 2254 federal habeas petitions" reaffirming that habeas is the exclusive remedy for a prisoner who seeks "immediate or speedier release" from confinement but where the prisoner's claim would not "necessarily spell speedier release," suit may be brought under § 1983.  *Id.* (quoting *Dotson,* 544 U.S. at 82).  Further, in *Wershe v. Combs*, 763 F.3d 500, 504 (6th Cir. 2014), the Plaintiff brought a § 1983 claim seeking a change in the procedures used to determine whether he is eligible for parole.  The Sixth Circuit confirmed that "[b]ecause 'success in [his] § 1983 claim would not necessarily affect the duration of his sentence because prison officials would retain discretion regarding whether to grant him parole,' the habeas exception [did] not bar [his] § 1983 claim." *Id.* (quoting *Thomas,,* 481 F.3d at 440).  Consistent with this long-

standing authority, the Sixth Circuit remanded Plaintiff's case with instructions to dismiss his petition, specifically stating that Plaintiff's "proposed petition does not seek his 'immediate or speedier release into the community.'" *In re: Jerry Franks*, No. 20-4056, at 4 (6th Cir. April 15, 2021) (quoting *Dotson*, 544 U.S. at 82). Accordingly, contrary to Plaintiff's suggestion, *Bailey* did not represent a change in the law opening a new avenue of recourse for him under § 1983.

Finally, implicit in Plaintiff's *Bailey* argument is the suggestion that equitable tolling is warranted because he was *pro se* and therefore lacked knowledge of his right to pursue his claim as a § 1983 action prior to *Bailey*. This circumstance, however, is not extraordinary for purposes of equitable tolling. *Lorton v. Wainwright*, No. 3:21-CV-36, 2022 WL 2806778, at *9 (N.D. Ohio Jan. 3, 2022), *report and recommendation adopted,* No. 3:21-CV-00036, 2022 WL 2803195 (N.D. Ohio July 18, 2022). First, a defendant's pro se status does not entitle him to equitable tolling. *Ashdown,* 2021 WL 2643111, at *4–5 (citing *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012)). Further, "'[i]t is well-settled that ignorance of the law alone, is not sufficient to warrant equitable tolling.'" *Watkins v. Columbus City Sch.,* No. 2:19-CV-394, 2020 WL 1290298, at *6 (S.D. Ohio Mar. 18, 2020), *aff'd,* No. 20-3357, 2020 WL 9073357 (6th Cir. Nov. 10, 2020) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)).

For all of these reasons, Plaintiff has not established that he is entitled to equitable tolling. Accordingly, it is **RECOMMENDED** that the Court **GRANT** Defendants' Motion to Dismiss and dismiss this action in its entirety for failure to state a claim as barred by the statute of limitations. Given this recommendation, there is no reason for the Court to consider Defendants' additional asserted bases for dismissing Plaintiff's claims against Defendant Annette Chambers-Smith.

## IV. RECOMMENDATION AND ORDER

For the reasons stated above, it is **RECOMMENDED** that the Court **GRANT** the Defendants' Motion to Dismiss. It is **FURTHER RECOMMENDED** that all other pending motions be **DENIED AS MOOT**. Defendants' Motion to Strike the Supplemental Complaint (ECF No. 48) is **GRANTED.** The Court hereby **STRIKES** the Supplemental Complaint. (ECF No. 46.)

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a forfeiture of the right to *de novo* review of by the District Judge and forfeiture of the right to appeal the judgment of the District Court. Even when timely objections are filed, appellate review of issues not raised in those objections is forfeited. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED.**

**Date: February 6, 2023**                    s/ *Elizabeth A. Preston Deavers*

**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**