UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JERRY FRANKS,**

    **Plaintiff,**

v.

**OHIO ADULT PAROLE AUTHORITY,** *et al.***,**

    **Defendants.**

Civil Action 2:21-cv-5804
Judge Edmund A. Sargus, Jr.
Magistrate Judge Elizabeth Deavers

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Objection to the Magistrate Judge's Report and Recommendation and Order (ECF No. 50), in which she **GRANTS** Defendants' Motion to Strike Supplemental Complaint (ECF No. 48) and recommends **GRANTING** Defendants' Motion to Dismiss (ECF No. 26) and **DENYING AS MOOT**: Plaintiff's Motion for Stipulation, Joinder, and Consolidation (ECF No. 18); Plaintiff's Motion for leave to Supplement Complaint (ECF No. 36); Plaintiff's Second Motion for Leave to Supplement Complaint (ECF No. 36); Plaintiff's Motion to Strick Insufficient Affirmative Defense (ECF No. 38); Plaintiff's Motion for Extension of Time (ECF No. 39); Plaintiff's Motion Requesting Judicial Notice (ECF No. 40); Plaintiff's Motion for Extension of Time (ECF No. 41); Plaintiff's Motion to Proceed In Forma Pauperis for Service of Supplemental Complaint (ECF No. 45); Plaintiff's Motion for Sanctions (ECF No. 47).

For the reasons that follow, this Court **OVERRULES** Plaintiff's Objection and **ADOPTS** and **AFFIRMS** the Magistrate Judge's Report and Recommendation and Order.

## I.

In her Report and Recommendation, the Magistrate Judge clearly and accurately set forth the relevant background facts:

> Plaintiff filed this action on September 1, 2021, asserting claims under 42 U.S.C. § 1983 against "Chairperson & Members of the Ohio Adult Parole Authority," Stacy Blankenburg, Supervisor & Officials of the Ohio Bureau of Sentence Computation and Annette Chambers Smith, Director of the Ohio Department of Rehabilitation and Correction. Plaintiff's Complaint alleges the following.
>
> Plaintiff was convicted on July 12, 1997, of aggravated murder with firearm specifications and was sentenced to "an aggregate and indefinite sentence of 33-years to life." (Complaint, ECF No. 1 at ¶ 10.) Following an appeal and remand, he was resentenced on January 29, 1999, to an "aggregate sentence of 23-years to life making [him] eligible for parole in … 2019." (*Id.* at ¶ 12.) In 2018, Plaintiff "noticed" that Defendants had miscalculated the Sentencing Entry and his parole eligibility, increasing the date by five years to 2024. (*Id.* at ¶ 13.) Upon this discovery, he "submitted written correspondence" to [the Bureau of Sentence Computation] BOSC requesting that this miscalculation be corrected. (*Id.* at ¶ 14.) The BOSC refused to correct the error. (*Id.*)
>
> After he exhausted his state remedies, he filed a second habeas petition under 28 U.S.C. § 2254 on May 4, 2020, in the Northern District of Ohio "seeking an order directing the State to provide him with a parole hearing in accordance with his minimum sentence." (*Id.* at ¶ 15.) That court determined that the petition was "second or successive" and required authorization from the Court of Appeals for the Sixth Circuit. (*Id.*) On April 15, 2021, the Sixth Circuit vacated the transfer and remanded with instructions to dismiss the petition without prejudice to filing a § 1983 claim. (*Id.* at ¶ 16.) Plaintiff's co-defendant, who had received the same 23-year sentence, was provided a parole hearing in 2019. (*Id.* at ¶¶ 17-18.)
>
> Plaintiff characterizes his claims as arising under the Due Process and Equal Protection Clauses of the Fourteenth Amendment. He seeks declaratory relief, injunctive relief, and compensatory and punitive damages. On May 13, 2022, Defendants filed an Answer setting forth various affirmative defenses including a statute of limitations defense. (ECF No. 12.) Defendants' counsel specifically noted that they were "unable to respond on behalf of Plaintiff's named defendants 'Members of the Ohio Parole Authority' and 'Officials of the Ohio Bureau of Sentence Computation' as these descriptions are too vague to identify any specific individuals'" but that, to the extent any response is deemed necessary, "any allegations against the unidentified individuals are DENIED." (*Id.* at n.1.)

(Report at 2–3, ECF No. 50.)

## II.

Several standards are applicable to this Court's review.

### A. Objection to Report and Recommendation

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### B. Motions to Dismiss Under Federal Rule 12(b)(6)

In evaluating a complaint to determine whether it states a claim upon which relief can be granted, the Court must construe it in favor of Plaintiff, accept the factual allegations contained in the pleading as true, and determine whether the factual allegations present any plausible claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (clarifying the plausibility standard articulated in *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

### C. Litigants Proceeding Without the Assistance of Counsel

"Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers and therefore are liberally construed." *Olivares v. Michigan Worker's Comp. Agency*, No. 18-2369, 2019 WL 2299250, at *2 (6th Cir. Apr. 16, 2019) (citing *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (vacating dismissal of civil rights complaint and remanding for

3

further proceedings)); *see also Walker v. Miller*, No. 18-3209, 2018 WL 7575709, at *1 (6th Cir. Oct. 17, 2018) ("But we hold pleadings filed by a pro se litigant 'to less stringent standards than formal pleadings drafted by lawyers,' and [we] may not uphold the dismissal of' a pleading by a pro se litigant simply because we think the allegations unlikely.") (quoting *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007)).

### III.

In its *de novo* review, this Court has considered Defendants' Motion to Dismiss (ECF No. 26), Plaintiff's Memorandum in Opposition (ECF No. 34) and Defendants' Reply (ECF No. 35). The Court has also reviewed all the pending motions, their memoranda in opposition and replies, if any.

**A.    Motion to Dismiss**

The Magistrate Judge recommended dismissal of this case for failure to state a claim upon which relief can be granted because claim filed pursuant to 42 U.S.C. § 1983 was not timely filed and equitable tolling does not apply to enlarge the time.  As the Report and Recommendation accurately sets out, a § 1983 claim is governed by Ohio's two-year statute of limitations found in Ohio Rev. Code § 2305.10.  *See Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989).  However, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Generally, the statute of limitations for filing an action alleging a constitutional violation begins to run "when the Plaintiff knows or has reason to know of the injury which is the basis of his action."  *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007).  "[I]n determining when the cause of action accrues in [§] 1983 actions, we have looked to what event should have alerted the typical lay person to protect his or her rights." *Id.* (quoting *Kuhnle Bros.,*

*Inc. v. Cty. of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997)).

**1.      Statute of Limitations**

The Magistrate Judge correctly applied the law to the facts in her analysis and conclusion:

> Here, the date of accrual of Plaintiff's claims arising from the alleged miscalculation does not require much discussion. Plaintiff alleges in his Complaint that he became aware of the alleged miscalculation, *i.e.,* the injury which is the basis of this action, in 2018. Moreover, the written correspondence he both refers to in his Complaint and affirmatively has placed in the record of this case demonstrates that Plaintiff was aware of the alleged miscalculation and raised it with the BOSC no later than February 5, 2018. (ECF No. 36 at 11.)
>
> Therefore, in order to be considered timely, Plaintiff would have been required to file a Complaint no later than February 5, 2020. Without question, he did not. Significantly, Plaintiff does not seriously argue that his claim was filed within the applicable statute of limitations. Instead, Plaintiff contends that he is entitled to equitable tolling given the consistent and extraordinary diligence with which he has pursued his claim in the intervening years. Thus, the Court must consider whether there is any basis to toll the statute of limitations that otherwise operates to bar Plaintiff's claims here.

(Report at 10, ECF No. 50.)

Nothing in Plaintiff's Objection does, or could, call this accurate conclusion into question.

**2.      Equitable Tolling**

The Magistrate Judge went on to explain that the Sixth Circuit has held that where a state's statute of limitations is borrowed for § 1983 claims, the state's tolling rules are also applied unless they are inconsistent with federal law or policy. *Roberson v. Macnicol*, 698 F. App'x 248, 250 (6th Cir. 2017) (citing *Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 842 (6th Cir. 2015)). Ohio courts, however, have rarely invoked the doctrine of equitable tolling. *Ashdown v. Buchanan*, No. 2:17-CV-495, 2021 WL 2643111, at *4 (S.D. Ohio June 28, 2021) (citing *Weikle v. Skorepa*, 69 F. App'x 684, 687 (6th Cir. 2003)). "A litigant seeking

5

equitable tolling must show that he has diligently pursued his rights, but some extraordinary circumstance stood in his way and prevented timely action." *Id*. (quotations omitted). In short, "equitable tolling under Ohio law is to be applied sparingly and only in exceptional circumstances." *Id*. (citing *G.G. Marck and Associates, Inc. v. Peng*, 762 F. App'x 303, 312 (6th Cir. 2019)).

The Report and Recommendation next properly applied the law to the facts and concluded that Plaintiff cannot take advantage of the doctrine of equitable tolling. Plaintiff objects to this conclusion, arguing that the Magistrate Judge applied the wrong standard and that regardless of the standard utilized, the analysis is wrong.

As to the proper standard, the Magistrate Judge explained:

> Plaintiff frames his equitable tolling argument, however, in terms of federal law. Nevertheless, "[f]ederal courts also apply equitable tolling "sparingly.'" *Ashdown*, 2021 WL 2643111 at *4 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc*., 209 F.3d 552, 560 (6th Cir. 2000)). A plaintiff who fails to pursue his rights diligently is not eligible for tolling. *Id.* Under *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988), factors to consider include a plaintiff's lack of actual notice or constructive knowledge of the filing requirement, plaintiff's diligence in pursuing his rights, and absence of prejudice to the defendant. *Id.* However, the absence of prejudice is not an independent basis for invoking the doctrine of equitable tolling. *Id*. (citing *3799 Mill Run Partners, LLC v. City of Hilliard, Ohio*, 839 F. App'x 948, 951 (6th Cir. 2020)). The party seeking equitable tolling bears the burden of proving he is entitled to it. *Zappone v. United States*, 870 F.3d 551, 556 (6th Cir. 2017).
>
> Consistent with the above, under either state or federal law, diligence is the key factor. In Plaintiff's view, in light of the relevant controlling authority in 2018 and his understanding of his avenues of recourse, he has diligently pursued his claims since the discovery of his injury. Between the allegations of his Complaint and his Response to Defendants' dispositive motion, Plaintiff explains his efforts at diligence in some detail.

(Report at 11–12, ECF No. 50.)

This is an appropriate way in which to consider Plaintiff's failure to analyze under the correct standard. And, the Magistrate Judge appropriately applied law to these facts, finding that

the diligence requirement was not met.

> Mr. Franks argues in his Objection that:
>
> The Magistrate [Judge] overlooked that no equitable tolling argument in this matter was before the Sixth Circuit when they decided to convert [Plaintiff] Franks numerically second § 2254 petition into one under § 1983. Nothing in that decision set forth that Franks state mandamus petition and numerically second § 2254 petition was "somehow' not diligently or correctly filed as it relates to [the diligence factor].

(Objection at 11, ECF No. 58.) This Court disagrees.

Despite Mr. Franks' belief, the Sixth Circuit Court did not expand a statute of limitations nor toll any claims—and it had no reason to opine on whether the § 2254 petition was diligently pursued or not. Instead, the Sixth Circuit merely pointed out that the appropriate vehicle for Plaintiff's claims would be 42 U.S.C. § 1983. The Sixth Circuit did not determine whether a potential § 1983 claim would be considered timely filed. *In re Franks*, 6th Cir. No. 20-4056, 2021 U.S. App. LEXIS 10995 (Apr. 15, 2021). The Court merely expressed that while a § 2254 petition is not the correct vehicle for Mr. Franks' claims, § 1983 may be. The absence of a statute of limitations decision in his previous § 2254 proceeding does not mean that Franks' instant §1983 claims are timely. *Id.*

Defendants highlight a case from this Court that is informative. This Court, in *Bailey v. Houk*, Case No. 2:21-cv-488, 2022 U.S. Dist. LEXIS 90866 (May 20, 2022) explained:

> Here, Plaintiff asserts that the "Sixth Circuit already resolved the statute of limitations issue and allowed plaintiff to file this 1983 action . . . ." (Doc. 10 at 9.) Plaintiff also reasons that "[i]f [he] had not been within the statute of limitations when his petition for writ of habeas corpus was filed, the District Court would have dismissed it for that reason and the Sixth Circuit would have not issued the Certificate of Appealability and appointed counsel for an appeal." (*Id.* at 10.)
>
> This argument misconstrues the Sixth Circuit's opinion. The Sixth Circuit did not determine whether a potential § 1983 claim would be timely filed. It merely expressed that while a § 2254 petition is not the correct vehicle for Plaintiff's claims,

7

> a § 1983 claim may be. The absence of a statute of limitations discussion in his previous § 2254 proceeding does not mean that Plaintiff's current § 1983 claims are timely. Whether Plaintiff's current claims are timely is a matter for this Court to decide.
>
> Accordingly, the Court must now apply the two-year statute of limitations to Plaintiff's § 1983 claims here. Plaintiff filed his complaint in the instant case on February 2, 2021. Therefore, only claims based on injuries which were or should have been discovered within the two years prior are considered timely.

*Id.* at *3–4. The same holds true here.

Thus, the Court finds in its *de novo* review, that the Magistrate Judge correctly concluded that the doctrine of equitable tolling is not applicable here.

Plaintiff makes other arguments in his Objection that are reiterations of his previous arguments made before the Magistrate Judge. As to those, this Court finds nothing that would alter the Magistrate Judge's thorough and accurate analysis of the briefing on Defendants' Motion to Dismiss.

**B.    Remaining Motions**

Reviewing all Plaintiff's requests to supplement the complaint, the Court concludes that it would be futile to allow amendment. A district court should "freely" grant a party leave to amend his complaint "when justice so requires." Fed. R. Civ. P. 15(a). "A court need not grant leave to amend, however, where amendment would be 'futile.'" *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Here, nothing in the proposed amended complaints or requests to amend the complaint alter the conclusion that Plaintiff's claims are untimely or that he is not entitled to equitable tolling.

The Plaintiff appropriately did not object to the Magistrate Judge's decisions on the remaining motions addressed in the Report and Recommendation and Order. The viability of those motions is fully dependent upon whether this Court dismisses this case for failure to state a

claim upon which relief can be granted. Because the case is herein dismissed, the Magistrate Judge's decisions on the remaining pending motions too are adopted and affirmed.

VI.

For the reasons set forth above and in the Magistrate Judge's Report and Recommendation and Order, Plaintiff's Objection (ECF No. 58) is **OVERRULED**, the Court **ADOPTS** and **AFFIRMS** the Report and Recommendation (ECF No. 50). Thus, the Court hereby:

- **GRANTS** Defendants' Motion to Dismiss (ECF No. 26);
- **DENIES AS MOOT** Plaintiff's Motion for Stipulation, Joinder, and Consolidation (ECF No. 18);
- **DENIES AS MOOT** Plaintiff's Motion for leave to Supplement Complaint (ECF No. 36);
- **DENIES AS MOOT** Plaintiff's Second Motion for Leave to Supplement Complaint (ECF No. 36);
- **DENIES AS MOOT** Plaintiff's Motion to Strick Insufficient Affirmative Defense (ECF No. 38);
- **DENIES AS MOOT** Plaintiff's Motion for Extension of Time (ECF No. 39);
- **DENIES AS MOOT** Plaintiff's Motion Requesting Judicial Notice (ECF No. 40);
- **DENIES AS MOOT** Plaintiff's Motion for Extension of Time (ECF No. 41);
- **DENIES AS MOOT** Plaintiff's Motion to Proceed *In Forma Pauperis* for Service of Supplemental Complaint (ECF No. 45);
- **DENIES AS MOOT** Plaintiff's Motion for Sanctions (ECF No. 47); and.
- **GRANTS** Defendants' Motion to Strike Supplemental Complaint (ECF No. 48).

The Clerk is **DIRECTED** to **ENTER JUDGMENT** in favor of Defendants and **CLOSE** this case.

**IT IS SO ORDERED.**

**March 28, 2023**  /s/ Edmund A. Sargus, Jr.
**DATE**  EDMUND A. SARGUS, JR.
  UNITED STATES DISTRICT JUDGE